JUDGE TORRES

15 CV 03062

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMCOR GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSFIELD SERVICES (Delaware) GENERAL PARTNERSHIP, <br><br> Defendant. | Case No. _____ <br><br> COMPLAINT |

RECEIVED APR 20 2015 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff EMCOR Group, Inc. ("EMCOR"), as and for its complaint against defendant Transfield Services (Delaware) General Partnership ("Transfield"), alleges as follows:

## NATURE OF THE ACTION

1. This action is brought by EMCOR to recover damages it has suffered due to Transfield's breach of its indemnity obligations under a stock purchase agreement between the parties. Specifically, Transfield has breached its obligation to indemnify EMCOR for all damages (including reasonable attorneys' fees) incurred by EMCOR in connection with its defense and settlement of a third party claim alleging, *inter alia*, violations of Section 2810 of the California Labor Code. Despite Transfield's unambiguous obligation under the stock purchase agreement to indemnify EMCOR, it has refused to do so.

## THE PARTIES

2. EMCOR, a provider of electrical and mechanical construction and facilities services, is a Delaware corporation with its principal place of business at 301 Merritt Seven, Norwalk, Connecticut.

3. Transfield, a provider of operations, maintenance and construction services, is a Delaware general partnership. On information and belief, its partners are Transfield Services (USM) Holdings Pty Limited, an Australian corporation with its principal place of business in Australia, and Transfield Services Holdings (Delaware) Pty Limited LLC, whose sole member is Transfield Services (International) Pty Limited, an Australian corporation with its principal place of business in Australia.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between EMCOR and Transfield and the amount in controversy exceeds $75,000, excluding interest and costs.

5. Venue is proper in this District pursuant to the forum selection clause in Section 12.7(a) of the SPA (defined below).

## FACTS

**A.    The SPA**

6. As of May 18, 2011, EMCOR and Transfield entered into a Stock Purchase Agreement (the "SPA"), pursuant to which EMCOR purchased from Transfield all shares of common stock of USM Services Holdings, Inc., which indirectly owned the common stock of USM, Inc. ("USM").[1]

7. At the time the parties entered into the SPA, USM was in the facilities services business, and often used subcontractors to perform janitorial services on its behalf.

8. In Section 10.2(a) of the SPA, Transfield agreed to indemnify and hold EMCOR and others harmless in respect of any Damages incurred by EMCOR "in connection with, or as a

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the SPA.

result of, or arising out of . . . [a]ny breach or other failure to perform any covenant, agreement or obligation of [Transfield or others] contained in [the SPA] or any other Transaction Document."

9. In Section 10.2(b) of the SPA, Transfield agreed to indemnify and hold EMCOR and others harmless in respect of any Damages incurred by EMCOR "in connection with, or as a result of, or arising out of . . . [a]ny breach of any representation or warranty by [Transfield or others] contained in [the SPA] or any other Transaction Document."

10. As defined in the SPA, "Damages" mean:

> [A]ny demands, claims, actions or causes of action, assessments, losses, damages, liabilities, costs (including costs of investigation, defense and enforcement of this Agreement), amounts paid in settlement and expenses, including, without limitation, Taxes, interest, penalties and reasonable attorneys' fees and expenses, whether or not involving a Third Party Claim.

11. As defined in the SPA, "Third Party Claim" means "any claim or the commencement of any claim, action or proceeding made or brought by any Person who is not [EMCOR] (or an Affiliate thereof) or [Transfield] (or an Affiliate thereof)."

12. Pursuant to Section 10.3(a) of the SPA, if EMCOR received a Third Party Claim "that may give rise to an indemnity claim under [the SPA]," it was required to provide notice thereof to Transfield within 60 days.

13. Pursuant to Sections 10.3(b) and (d) of the SPA, upon receipt of such notice of a Third Party Claim, Transfield could either assume the defense of the Third Party Claim or advance EMCOR "promptly and periodically for the costs of defending against the Third Party Claim (including reasonable attorneys' fees and expenses) and . . . remain responsible for any and all other Damages that [EMCOR] may incur in connection with, or as a result of or arising out of the Third Party Claim."

3

14.     Pursuant to Section 10.3(d) of the SPA, if Transfield did not assume the defense of the Third Party Claim, EMCOR had the right to "defend against such Action in such manner as it may deem appropriate including, but not limited to, settling such Action."

15.     Transfield also agreed in Section 10.3(d) of the SPA that "no action taken by [EMCOR] in accordance with such defense and settlement shall relieve [Transfield] of its indemnification obligations herein provided with respect to any Damages resulting therefrom."

16.     In sum, under the SPA, insofar as relevant here, Transfield is obligated, among other things, to indemnify EMCOR for, and to hold it harmless against, all Damages, including reasonable attorneys' fees, incurred by EMCOR in connection with any Third Party Claim that may give rise to an indemnity claim for breach of a representation and warranty made by Transfield in the SPA.

**B.      The California Action**

17.     On or about September 5, 2013, a putative class action was timely commenced against USM in California state court, alleging, *inter alia*, that USM and its co-defendant, Ross Stores, Inc. ("Ross") violated Section 2810 of the California Labor Code by underfunding janitorial services contracts they had entered into during the period from mid-2008 through the date on which the action (the "California Action") was filed.

18.     Among other things, the California Action alleged that USM contracted with Ross to clean its stores in California and subcontracted the work to certain janitorial companies without providing them sufficient funds to pay their janitors the amount of wages required under applicable labor laws. The complaint alleged that USM thereby violated Section 2810 of the

California Labor Code, which was alleged to require contractors such as USM to provide sufficient funding for their subcontractors to comply with all applicable labor laws.[2]

19. In Section 3.17(i) of the SPA, Transfield represented that:

> Each of the USM Companies . . . is in material compliance with all applicable federal, state and local laws, rules and regulations respecting employment, employment practices, terms and conditions of employment including wages, hours, overtime and employment of noncitizens, in each case, with respect to Employees and other service providers.

20. As defined in the SPA, "Employee" means "any past or current employee of, or other natural person who provides services in a non-employee capacity with respect to, any of the USM Companies."

21. Pursuant to Section 9.1(a) of the SPA, the "representations and warranties set forth in . . . [Section] 3.17 . . . shall survive the Closing for a period until 90 days following the expiration of the applicable statute of limitations."

22. The California Action is a Third Party Claim as to which Transfield is obligated to indemnify EMCOR. Among other reasons, at the time it was filed, the California Action was a claim that "may give rise to an indemnity claim under [the SPA]," SPA § 10.3(a), for breach of Transfield's representation in Section 3.17(i) of the SPA. Accordingly, the California Action triggered the parties' rights and obligations under Section 10.3 of the SPA.

23. In a letter dated September 16, 2013, EMCOR notified Transfield of the California Action in accordance with Section 10.3(a) of the SPA, and requested that Transfield advise, pursuant to Sections 10.3(b) and (d), whether it intended to assume the defense of the California Action or advance EMCOR the costs, including reasonable attorneys' fees, of EMCOR's defense of the California Action.

---

[2] On November 22, 2013, the California Action was removed to the United States District Court for the Northern District of California.

24. In a letter dated September 20, 2013, Transfield rejected EMCOR's indemnity claim, responding that: (i) the California Action "provides no basis for indemnification" under the SPA; and (ii) Transfield would "not defend or advance any costs for this matter." Transfield reiterated this position in a letter to EMCOR dated September 25, 2013.

25. In a letter dated September 27, 2013, EMCOR notified Transfield that EMCOR would defend the California Action, and that EMCOR expressly reserved all of its rights and remedies against Transfield in connection therewith.

26. In a letter dated June 6, 2014, EMCOR notified Transfield that as of April 30, 2014, it had incurred approximately $1.1 million in expenses in defending the California Action, and requested that Transfield promptly reimburse it in that amount pursuant to Section 10.3(d) of the SPA. Transfield never responded to this letter and made no payment to EMCOR.

27. In a letter dated October 13, 2014, EMCOR notified Transfield that as of September 30, 2014, it had incurred approximately $2.3 million in expenses in defending the California Action, and requested that Transfield promptly reimburse it in that amount pursuant to Section 10.3(d) of the SPA. Transfield never responded to this letter and made no payment to EMCOR.

28. In a letter dated February 11, 2015, EMCOR notified Transfield of a proposed, reasonable settlement of the California Action for a total of $2.3 million (the "Proposed Settlement"). The letter reiterated that "Transfield is responsible for all damages incurred by EMCOR in connection with the Action, including all amounts paid to settle the Action."

29. In a letter dated February 12, 2015, Transfield – citing its previous letters to EMCOR dated September 20 and 25, 2013 – again rejected EMCOR's indemnity claim and

denied "any responsibility for any costs or damages that may be incurred by EMCOR to defend or settle" the California Action.

30. To date, EMCOR has not received any payment from Transfield with respect to EMCOR's defense of the California Action, even though as of March 31, 2015, EMCOR has incurred approximately $3.3 million in expenses, including reasonable attorneys' fees, in connection therewith.

31. The Proposed Settlement was preliminarily approved by the court as fair, adequate, and reasonable on April 13, 2015. The final approval hearing is currently scheduled for September 23, 2015.

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

32. EMCOR repeats and realleges the allegations set forth in paragraphs 1-31 above.

33. Transfield has breached the SPA, including Section 10.3(d) thereof, by failing to pay EMCOR its Damages incurred in defending the California Action, and by repudiating its indemnity obligations in connection with the California Action.

34. As a result of Transfield's breach of the SPA, EMCOR has incurred Damages of at least $3.3 million to date.

35. EMCOR is continuing and will continue to incur Damages in connection with the California Action, including additional reasonable attorneys' fees and the expected payment of $2.3 million that EMCOR will be required to make upon final approval of the Proposed Settlement.

## PRAYER FOR RELIEF

**WHEREFORE**, EMCOR requests that the Court enter judgment:

a) Awarding damages to EMCOR, in a final amount to be determined at trial, equal to EMCOR's expenses, including its reasonable attorneys' fees, plus its costs of settlement, in connection with the California Action, plus interest;

b) Pursuant to Section 12.8 of the SPA, awarding EMCOR its reasonable attorneys' fees and costs incurred in connection with this action; and

c) Awarding EMCOR such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 20, 2015

ROPES & GRAY LLP

By: _____
Robert S. Fischler
Brian F. Shaughnessy
1211 Avenue of the Americas
New York, New York 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090
robert.fischler@ropesgray.com
brian.shaughnessy@ropesgray.com

*Attorneys for EMCOR Group, Inc.*

8